DECISION AND JUDGMENT ENTRY
{¶ 1} The Washington County Court of Common Pleas convicted Jonathan Morris of burglary and theft and sentenced him to serve four years imprisonment on the burglary and one year imprisonment on the theft, with the sentences to run consecutively. Morris appeals, asserting that the court's imposition of consecutive sentences is contrary to law. We disagree, because the trial court engaged in the appropriate analysis, made all the requisite findings, and gave its reasons for its findings before sentencing Morris to consecutive sentences. Accordingly, we overrule Morris' assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} A Washington County jury found Morris guilty of one count of burglary, a violation of R.C. 2911.12(A)(3), and one count of theft, a violation of R.C. 2913.02(A)(1). The evidence at trial revealed that Morris broke into the home of his neighbor, Nathan Zlatkin, in Cutler, Ohio, while Zlatkin was at work Morris broke a window to enter, and took several guns and a crossbow.
 {¶ 3} The trial court ordered a presentence investigation and report and conducted a sentencing hearing. At the sentencing hearing, Zlatkin informed the court that he had become afraid in his own home and distrustful of his friends and neighbors as a result of the crime. Zlatkin asked the court to impose the maximum sentence. The State also requested the maximum sentence and noted that Morris lacked remorse for his crime. Morris did not make a statement at the sentencing hearing.
 {¶ 4} The trial court sentenced Morris to four years imprisonment on the burglary count and one year imprisonment on the theft count, and ordered that Morris serve the sentences consecutively. Morris timely appeals, asserting the following single assignment of error: "The trial court's sentence of five years in prison is contrary to law."
 II. {¶ 5} Morris contends that his sentence is contrary to law because the trial court did not make the requisite findings and state its reasons for its findings, which Ohio law requires for consecutive sentences. An offender may appeal his sentence as a matter of right when he alleges that his sentence is contrary to law. R.C. 2953.08(A)(4).
 {¶ 6} In reviewing Morris' assertion that the trial court erred in imposing consecutive sentences, we note that, in general, a prison sentence imposed by an Ohio court must run concurrently with any other sentences. R.C. 2929.41(A). However, a court may impose consecutive sentences under R.C. 2929.14(E)(4) when:
 {¶ 7} "* * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 8} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 9} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 10} The inquiry under R.C. 2929.14(E)(4) is a "tripartite procedure." State v. Hiles (Nov. 6, 2000), Hocking App. No. 99CA23, citing, State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." Second, the court must find that the consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" he poses. Finally, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). Id.
 {¶ 11} The verb "finds," as used in R.C. 2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. See Edmonson, 86 Ohio St.3d at 326; State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21.
 {¶ 12} Additionally, the court must comply with R.C.2929.19(B)(2)(c), which requires that the sentencing court make findings that give its reasons for deciding to impose consecutive sentences under R.C. 2929.14. The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Brice.
 {¶ 13} In this case, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish Morris, that consecutive sentences are not disproportionate to the seriousness of Morris's conduct and the danger that Morris poses, and that the harm Morris caused was great and unusual. The court stated that it based these findings upon the fact that the home Morris broke into belonged to a neighbor and the fact that Morris stole numerous guns and other weapons from his neighbor's home. Additionally, the court noted in the record that Morris did not exhibit any remorse for his crime.
 {¶ 14} Morris concedes that the trial court merely uttered some of the "magic words" required by statute, but contends that the trial court failed to identify specific reasons supporting the imposition of consecutive prison terms. Additionally, Morris contends that the evidence does not support the trial court's finding that he committed the worst form of the offense.
 {¶ 15} In particular, Morris notes that no one was at home when he broke into the residence. However, as the State notes, the fact that no one was home when Morris committed the burglary was reflected in the crimes with which he was charged. Morris also notes that he did little damage to the home, and that the victim was deprived of his property for only a short time. However, the victim testified that Morris' crime caused him to feel afraid in his home and distrustful of his friends and neighbors. The trial court's reliance upon the fact that Morris broke into a neighbor's home reflects that Morris' crime had a significant impact upon the close-knit small community. Additionally, the seriousness of the offense was heightened by the fact that the valuables Morris stole were not harmless items such as electronics, jewels, or money, but deadly guns and weapons.
 {¶ 16} We find that the trial court engaged in the tripartite analysis required by R.C. 2929.14(E) and made findings identifying specific reasons to support consecutive sentences as required by R.C.2929.19(B)(2)(c). We further find that the record supports the trial court's findings in this case. Accordingly, we overrule Morris' assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha and Evans, J.J., concur in judgment and opinion.